UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 4241

------------------------------------------------------------------------X   Case No.:

NATALIE MARRERO,

                                    Plaintiff,

                                                                    **COMPLAINT**

              -against-

VICTORY AUTO GROUP LLC, individually and d/b/a          Plaintiff Demands a Trial
BRONX SUZUKI, PHILLIP ARGYOPOULOUS,                     by Jury
individually, SCOTT BONFORTI, individually, and
BORIS GELFAND, individually,

                                    Defendants.
------------------------------------------------------------------------X

Plaintiff, by and through her attorneys, ARCÉ LAW GROUP, P.C., hereby complains of

Defendants upon information and belief as follows:

## INTRODUCTION

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42

   U.S.C. §2000e *et. seq.* ("Title VII") and to remedy violations of the laws of the State of New

   York, the Administrative Code of the City of New York, and the New York Common Law

   based upon the supplemental jurisdiction of this Court pursuant to *Gibb*, 383 U.S. 715 (1966)

   and 28 U.S.C. §1367, seeking damages to redress the injuries she has suffered as a result of

   being harassed and discriminated against by her employer on the basis of her sex/gender,

   together with sexual harassment and *quid pro quo* sexual harassment, creating a hostile work

   environment, assault and battery and retaliation.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1343 as well as under 42

   U.S.C. §2000e *et. seq.*

3. This Court has supplemental jurisdiction under 28 U.S.C. §1367.

4. This action involves a Question of Federal Law.

5. Venue is proper in this district based upon the fact that a substantial part of the events of omissions giving rise to the claim herein occurred within the Southern District of the State of New York. 28 U.S.C. §1391(b).

6. On or about February 6, 2014, Plaintiff filed a charge with the Equal Employment Opportunities Commission ("EEOC").

7. On or about May 16, 2014, Plaintiff received a Notice of Right to Sue letter from the EEOC.

8. This action is being brought within 90 days of the Notice of Right to Sue.

## PARTIES

9. Plaintiff is a female resident of the State of New York, County of Bronx.

10. At all times material, Defendant VICTORY AUTO GROUP LLC d/b/a BRONX SUZUKI (hereinafter also referred to as "VICTORY") was and is a domestic limited liability company duly existing under the laws of the State of New York.

11. At all times material, Defendant VICTORY operates two locations, an office located at 4101 Boston Road, Bronx, NY 10466 and a sales and service location at 4070 Boston Road, Bronx, NY 10466.

12. At all times material, Defendant PHILLIP ARGYOPOULOUS (hereinafter also referred to as "ARGYOPOULOUS") was and is an owner of Defendant VICTORY.

13. At all times material, Defendant ARGYOPOULOUS was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

14. At all times material, Defendant SCOTT BONFORTI (hereinafter also referred to as "BONFORTI") was and is an owner of Defendant VICTORY.

15. At all times material, Defendant BONFORTI was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

16. At all times material, Defendant BORIS GELFAND (hereinafter also referred to as "GELFAND") was and is an employee of Defendant VICTORY.

17. At all times material, Defendant GELFAND was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

18. Defendant VICTORY, Defendant ARGYOPOULOUS, Defendant BONFORTI and Defendant GELFAND are herein also collectively referred to as "Defendants."

19. At all times material, Plaintiff was an employee of Defendants.

## MATERIAL FACTS

20. On or about August 7, 2012, Plaintiff began her employment with Defendants as an "Auto Sales Consultant/Receptionist" at Defendant VICTORY's 4070 Boston Road, Bronx, NY 10475 location.

21. Throughout Plaintiff's employment with Defendants, Defendant GELFAND worked at Defendant VICTORY's other location across the street from 4101 Boston Road. Nevertheless, due to Defendant GELFAND's title of Finance Manager, Plaintiff interacted with Defendant GELFAND whenever she made a sale.

22. Beginning in or around November 2012, Defendant GELFAND began to sexually harass Plaintiff.

23. By way of example, in or around November 2012, during a conversation between Plaintiff and Defendant GELFAND, Defendant GELFAND stared at Plaintiff in a seductive manner and slowly moved his eyes from Plaintiff's eyes to her lips, then to her chest and then back to her lips.

24. In or around January 2013, Defendant GELFAND extended his arms out towards Plaintiff with his fingers extended, squeezed the air as if he was squeezing her breasts and grunted in a sexual manner.

25. Shortly thereafter, in or around January 2013, one of Plaintiff's clients wanted to get his car appraised for a "trade-in." Plaintiff drove the customer's car across the street to get it appraised. While Plaintiff was still in the car, Defendant GELFAND got in the car, asked Plaintiff if this was a possible "trade-in" and **put his hand on plaintiff's knee.** Plaintiff removed Defendant GELFAND's hand from her knee and told him to stop sexually harassing her.

26. In or around March 2013, Plaintiff was interested in purchasing a car from Defendant VICTORY. Plaintiff asked Defendant GELFAND if she could be approved for a low interest rate. In response, Defendant GELFAND said he could **"get [her] approved today if [she] let him 'play with those'" pointing to her breasts.** Plaintiff objected to Defendant GELFAND's comments and told him that he was disgusting.

27. In or around April 2013, Plaintiff requested a transfer to become a receptionist for Defendants, partially because she did not want to interact with Defendant GELFAND anymore.

28. Despite Plaintiff's transfer, Defendant GELFAND's sexual harassment did not stop.

29. By way of example, on or about June 13, 2013, while Plaintiff was changing the music in Defendant VICTORY's showroom, Defendant GELFAND approached Plaintiff from behind. With Plaintiff's back still turned, Defendant GELFAND **put his hands under Plaintiff's armpits and grabbed her breasts, shook them up and down and told her, "Don't touch the music."**

30. That same day, Plaintiff told Defendant GELFAND's supervisor, Defendant BONFORTI, that Defendant GELFAND touched her. Plaintiff left for the day because she felt violated and humiliated. Furthermore, Plaintiff called the police and filed a police report.

31. On or about June 24, 2013, Plaintiff went to the police station to follow up on her complaint from June 13, 2013. While at the precinct, Plaintiff was informed that there was no police report on file. As a result, Plaintiff again filed a report concerning Defendant GELFAND's sexual assault and the police arrested him. Likewise, Plaintiff filed an Order of Protection.

32. On or about February 11, 2014, Defendant GELFAND **pled guilty to Harassment in the Second Degree.**

33. After Plaintiff filed the police report, her coworkers began retaliating against her by treating her differently than they had before.

34. For example, where the workplace used to be cordial and very friendly, after Plaintiff filed the police report, Defendants' employees began ignoring Plaintiff.

35. Also, in or around July 2013, Plaintiff's coworker, Tony Bird, told a coworker to **"Stay away from her (Plaintiff). She gets people arrested."**

36. In or around August 2013, Plaintiff needed a ride to the bank and asked her coworker, London (last name unknown), if he could drive her. London agreed to do so and while the two were en route to the bank, London received a call from Defendant BONFORTI **demanding that he return to Defendant VICTORY's store.** Upon information and belief, Defendant BONFORTI became aware that London was driving Plaintiff to be bank and that was the reason he demanded that London return to Defendant VICTORY. London said he believed Defendant BONFORTI did not want him to assist Plaintiff.

37. Thereafter, Plaintiff got nervous whenever she was at or near work and suffered panic attacks.

38. In or around September 2013, Plaintiff resigned because she could no longer endure the harassment to which Defendants subjected her.

39. In or around September 2013, Defendants constructively discharged Plaintiff.

40. Defendants' actions were intended to create a working environment that no reasonable person would tolerate.

41. Plaintiff's working conditions were based on Plaintiff's refusal, or submission, to Defendant GELFAND's sexual advances.

42. Defendants would not have retaliated against Plaintiff but for her opposition to Defendant GELFAND's sexual advances.

43. Defendants would not have harassed Plaintiff but for her sex/gender.

44. Defendants' actions were intended to constructively discharge Plaintiff.

45. Defendants' actions did constructively discharge Plaintiff.

46. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

47. As a result of the Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

48. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has suffered future pecuniary losses, emotional pain, suffering, inconvenience, and other non-pecuniary losses.

49. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against all the Defendants, jointly and severally.

50. **Defendant ARGYOPOULOUS and Defendant BONFORTI, as owners of Defendant VICTORY, are individually and personally liable to Plaintiff for discrimination under New York State Law.**

## AS A FIRST CAUSE OF ACTION
### UNDER TITLE VII
### DISCRIMINATION

51. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

52. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, U.S.C. §2000e *et. seq.*, as amended, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination based in whole or in part, upon Plaintiff's sex/gender, together with sexual harassment and *quid pro quo* sexual harassment, creating a hostile work environment.

53. Defendants engaged in an unlawful employment practice prohibited by 42 U.S.C. §2000e *et. seq.*, by discriminating against Plaintiff because of her sex/gender.

## AS A SECOND CAUSE OF ACTION
### UNDER TITLE VII
### RETALIATION

54. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

55. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

56. Defendants engaged in an unlawful employment practice prohibited by 42 U.S.C. §2000e *et. seq.* by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

## AS A THIRD CAUSE OF ACTION
## UNDER STATE LAW
## DISCRIMINATION

57. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

58. Executive Law §296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's ... sex ... to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

59. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her sex/gender, together with sexual harassment and *quid pro quo* sexual harassment, creating a hostile work environment.

60. Plaintiff hereby makes a claim against Defendants under all applicable paragraphs of Executive Law Section 296.

## AS A FOURTH CAUSE OF ACTION
## UNDER STATE LAW
## RETALIATION

61. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

62. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

63. Defendants violated the section cited herein as set forth.

## AS A FIFTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## DISCRIMINATION

64. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

65. The Administrative code of City of New York §8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived ... gender ... of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

66. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of her sex/gender, together with sexual harassment and *quid pro quo* sexual harassment, creating a hostile work environment.

## AS A SIXTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## RETALIATION

67. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs

of this Complaint as if more fully set forth herein at length.

68. The Administrative code of City of New York §8-107 (7) provides that:

> "It shall be unlawful discriminatory practice for any person engaged in any activity to
> which this chapter applies to retaliate or discriminate in any manner against any person
> because such person has (i) opposed any practice forbidden under this chapter, (ii) file a
> complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a
> civil action alleging the commission of an act which would be an unlawful discriminatory
> practice under this chapter…"

69. Defendants engaged in an unlawful and retaliatory discriminatory practice by retaliating, and

otherwise discriminating against the Plaintiff, including but not limited to constructively

discharging Plaintiff.

## AS A SEVENTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## INTERFERENCE WITH PROTECTED RIGHTS

70. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this

complaint as if set forth herein more fully at length.

71. New York City Administrative Code §8-107(19) provides:

> It shall be an unlawful discriminatory practice for any person to coerce, intimidate,
> threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any
> person in the exercise or enjoyment of, or on account of his or her having aided or
> encouraged any other person in the exercise or enjoyment of any right granted or
> protected pursuant to this section.

72. Defendants violated the section cited herein as set forth.

## AS AN EIGHTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## EMPLOYER LIABILITY

73. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth herein more fully at length.

74. The Administrative code of City of New York § 8-107 (13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

(a) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any position of this section other than subdivisions one or two of this section.

(b) An employer should be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

(1) The employee or agent exercised managerial or supervisory responsibility; or

(2) The employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

(3) The employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

75. Defendants violated the section cited herein as set forth.

## AS A NINTH CAUSE OF ACTION
## UNDER THE NEW YORK COMMON LAW
## <u>ASSAULT AND BATTERY</u>
## (AS AGAINST DEFENDANT GELFAND ONLY)

76. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

77. That the aforesaid occurrences and resultant injuries to Plaintiff were caused by reason of the intent, carelessness and recklessness of Defendant GELFAND, his agents, servants, and/or employees, suddenly and without provocation did physically assault and better Plaintiff herein and did cause unwelcomed contact, causing the Plaintiff to sustain damages.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practices prohibited by Title VII, the New York Executive Law, and the New York City Administrative Code, and that the Defendants harassed and discriminated against Plaintiff on the basis of her sex/gender, together with sexual harassment, creating a hostile work environment, retaliation and constructive discharge;

B. Declaring that Defendant GELFAND assaulted and battered Plaintiff;

C. Awarding damages to the Plaintiff

D. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of this action;

G.  Awarding Plaintiff such other and further relied as the Court may deem equitable, just and

proper to remedy the Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff demands a jury on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally,

in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees,

costs and disbursements of action; and for such other relied as the Court deems just and proper.

Dated: June 12, 2014
      New York, New York

                              **ARCÉ LAW GROUP, P.C.**
                              Attorneys for Plaintiffs

By:
                              Christopher L. Van De Water, Esq.
                              30 Broad Street, 35th floor
                              New York, New York 10004
                              (212) 248-0120